Jim Spinner, Esquire
**SERVICE, SPINNER & GRAY**
1335 East Center - P.O. Box 6009
Pocatello, Idaho  83205-6009
Telephone:  (208) 232-4471
Email: spinjim@cableone.net
FAX: (208) 232-1808
Idaho State Bar No. 3417

Attorneys for Plaintiffs

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of: ) <br> ) <br> DEREK DON MOLESWORTH and HEATHER ) <br> LYNN MOLESWORTH, husband and wife, ) <br> fdba DM INVESCO LLC, fdba DM ) <br> ENTERPRISES, INC., fdba RD ) <br> INVESTMENTS, L.L.C., fdba BIG DADDY'S ) <br> BIKES & FINE LEATHERS, INC., fdba FALLS ) <br> AVE FITNESS UNLIMITED, INC., ) <br> ) <br> Debtors. ) <br> _____ ) <br> ) <br> RANDY J. STOKER, individually, and through ) <br> the Randy J. Stoker Chartered Profit Sharing ) <br> Plan, DON DAVID GIBBS ESTATE, by and ) <br> through Randy J. Stoker, Conservator, ) <br> GREGORY ROBERTSON TRUST, by and ) <br> through Randy J. Stoker, Trustee, and RD ) <br> INVESTMENTS, L.L.C., (dissolved), through ) <br> Randy J. Stoker, member, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> DEREK DON MOLESWORTH, and ) <br> HEATHER LYNN MOLESWORTH, husband ) <br> and wife, ) <br> Defendants. ) <br> _____ ) | Case No. 07-40315-JDP <br> Chapter 7 <br><br> **STIPULATION FOR ENTRY OF JUDGMENT WITH COVENANT NOT TO EXECUTE** <br><br> Adversary No. 07-8083 |

COME NOW the Plaintiffs, Randy J. Stoker, individually and on behalf of the Randy J. Stoker Chartered Profit Sharing Plan; the Don David Gibbs Estate, by and through its conservator, Randy J. Stoker; the Gregory Roberston Trust, by and through Randy J. Stoker, Trustee and; RD Investments, L.L.C., (dissolved), by and through Randy J. Stoker, member, (hereafter "Plaintiffs"), and the above named Defendants, Derek Don Molesworth (hereafter "Derek Molesworth" or "Debtors") and Heather Lynn Molesworth (hereafter "Heather Molesworth" or "Debtors"), and hereby stipulate and agree as follows:

1. Plaintiffs instituted the above action against Derek Molesworth and Heather Molesworth pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6) and 523(a)(14), and Bankruptcy Rules 4007 and 7001, seeking to hold, as nondischargable debts in the bankruptcy, several loans from the Plaintiffs to Derek Molesworth and Heather Molesworth in an alleged total amount of approximately $341,976.00. The Plaintiffs allege the loans are nondischargable on several different or alternative grounds, as set forth in the Plaintiffs' complaint (docket no. 1).

2. Derek Molesworth and Heather Molesworth filed an answer to Plaintiffs' complaint (docket no. 11), generally denying the claims of the Plaintiffs'. The Debtors also dispute the amounts claimed owing from the Plaintiffs.

3. The parties have been involved in negotiations in an attempt to resolve the action, and based on the negotiations have reached a settlement as follows:

    A. Heather Molesworth will be dismissed as a party from the action, with prejudice. A copy of the Order the parties agree will be submitted to the Court to dismiss Heather Molesworth is attached hereto as Exhibit "A."

    B. A judgment will be entered in favor of the Plaintiffs and against the Defendant, Derek Molesworth, in the amount of $160,000.00. Said judgment will be a non-dischargeable debt by Derek Molesworth. A copy of the Judgment of Nondischargable Debt the parties agree will be

**STIPULATION FOR ENTRY OF JUDGMENT** – Page 2

submitted to the Court is attached hereto as Exhibit "B." The Judgment will be general in language in regard to the non-dischargeability, and this stipulation is not an admission of any fraud on the part of Derek Molesworth against the Plaintiffs.

  C. This judgment will bear interest at the rate of 3% per annum from February 28, 2008, until paid. Provided, however, that the interest rate shall increase in the event of default, as set forth below.

  D. The Plaintiffs may record the judgment in the State of Idaho, but agree not to execute on the judgment so long as Derek Molesworth makes timely payments on the judgment as follows:

> Derek Molesworth will make minimum monthly payments of $500.00 per month, due on or before the 28th day of each month, beginning on or before April 28, 2008, and continuing on or before the 28th day of each month thereafter through March 28, 2009. Then, beginning on or before the 28th day of April, 2009, the minimum monthly payments will increase to $1,000.00 per month, with said payments being due on or before the 28th day of each month thereafter until the judgment amount, with interest as set forth below, is fully paid.
>
> Monthly payments will be credited first against accrued interest, then against the principal judgment amount owing. Derek Molesworth can make additional payment(s) over and above the monthly payments set forth above, without penalty, and such additional payments will be directly credited against the principal amount of said judgment.

  E. If Derek Molesworth fails to make monthly payment as set forth above, the Plaintiffs, at their sole option, may execute on the full remaining amount owing on the judgment, together with accrued and accruing interest as set forth in paragraph 3.F. below. Time is of the essence on all monthly payments.

  F. Interest on the Judgment will accrue at the reduced rate of 3% per annum, so long as timely payments are made by Derek Molesworth. In the event a payment is not timely made by Derek Molesworth, the Plaintiffs may declare a default, "default" being defined in paragraph H

**STIPULATION FOR ENTRY OF JUDGMENT** – Page 3

below, and interest will be calculated on the balance owing from the date of default at the legal rate of interest on judgments set by the State of Idaho, applicable on the date of the default.

G. The allocation of monthly payments among the various debts owing to Plaintiffs will be completed by Randy J. Stoker.

H. Monthly payments by Derek Molesworth will be made by a deposit directly into an account held in the name of Randy J. Stoker (the depository account). The financial institution, account designation and account number will be identified by Randy J. Stoker to Derek Molesworth in writing upon execution of this agreement and may be changed from time to time by Randy J. Stoker by giving 30 days written notice to Derek Molesworth. The use of a depository account is specifically to provide both parties with third party verification when monthly payments are made by Derek Molesworth. A "default" in this agreement shall be deemed to occur if each monthly payment is not deposited by the 28th day of each month, or if any deposit is returned by the depository account institution for insufficient funds. There shall be no grace period governing these monthly deposits.

I. The Plaintiffs, by and through Randy J. Stoker, and Derek Molesworth, will review Derek Molesworth's previous year's income and expenses to determine whether increased monthly payments on the judgment is reasonable and advisable. Derek Molesworth agrees to provide to Plaintiffs copies of his complete personal tax return and that of any business in which he has an ownership interest, together with a schedule of his expenses by April 15th of each year, beginning on or before April 15, 2009, and continuing on or before April 15th of each year thereafter while a balance remains owing on the judgment, for review. The parties acknowledge that no increase in monthly payments will be binding unless agreed upon in writing, but agree to do the review the information in good faith, and discuss payment matters.

**STIPULATION FOR ENTRY OF JUDGMENT** – Page 4

J. The parties agree that any notifications or written communication between the parties shall be made to the parties at the following addresses:

    To Plaintiffs:    Randy J. Stoker
                              2174 Eagle Crest
                              Filer, ID 83301

    To Derek Molesworth:    Derek Molesworth
                                        P.O. Box 1424
                                        Twin Falls, ID 83303-1424

Or at such other address as the parties may provide notice of, in writing, to the other party from time to time.

K. The parties agree to bear their own attorneys' fees and costs incurred in this adversary action through entry of the settlement and judgment. In the event Plaintiffs incur legal expenses to enforce this agreement or the judgment, then they shall be entitled to recover those fees and any costs allowable by law, which sums shall be added to the judgment.

L. Upon full payment of the Judgment, the Plaintiffs agree to file a Satisfaction of Judgment.

M. This agreement is to be interpreted and enforced under the laws of the State of Idaho.

N. The parties agree that they have been represented by their own counsel and have had full opportunity to seek advice and consultation from counsel regarding the suit filed by the Plaintiffs and this settlement, and sign this agreement of their own free will without coercion or undue influence by any party, know the contents of the agreement, and enter into the agreement freely.

**STIPULATION FOR ENTRY OF JUDGMENT** – Page 5

DATED: 4/10/08                        By:  /s/  
                                                                   Derek Molesworth

DATED: 4/10/08                        By:  /s/  
                                                                   Heather Molesworth

DATED: 4/11/08                        By:  /s/  
                                                                   Douglas K. Merkley, Esq.  
                                                                   Attorney for Debtors

DATED: 4/15/08                        By:  /s/  
                                                                   Randy J. Stoker  
                                                                   On behalf of all Plaintiffs

DATED: 4/15/08                        By:  /s/  
                                                                   Jim Spinner  
                                                                   SERVICE, SPINNER & GRAY  
                                                                   Attorneys for Plaintiffs

**STIPULATION FOR ENTRY OF JUDGMENT** – Page 6

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| DEREK DON MOLESWORTH and HEATHER ) | |
| LYNN MOLESWORTH, husband and wife, ) | |
| fdba DM INVESCO LLC, fdba DM ) | |
| ENTERPRISES, INC., fdba RD ) | |
| INVESTMENTS, L.L.C., fdba BIG DADDY'S ) | |
| BIKES & FINE LEATHERS, INC., fdba FALLS ) | Case No. 07-40315-JDP |
| AVE FITNESS UNLIMITED, INC., ) | Chapter 7 |
| ) | |
| Debtors. ) | **ORDER DISMISSING DEFENDANT** |
| ) | **HEATHER LYNN MOLESWORTH** |
| ) | |
| RANDY J. STOKER, individually, and through ) | Adversary No. 07-8083 |
| the Randy J. Stoker Chartered Profit Sharing ) | |
| Plan, DON DAVID GIBBS ESTATE, by and ) | |
| through Randy J. Stoker, Conservator, ) | |
| GREGORY ROBERTSON TRUST, by and ) | |
| through Randy J. Stoker, Trustee, and RD ) | |
| INVESTMENTS, L.L.C., (dissolved), through ) | |
| Randy J. Stoker, member, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| DEREK DON MOLESWORTH, and ) | |
| HEATHER LYNN MOLESWORTH, husband ) | |
| and wife, ) | |
| Defendants. ) | |
| ) | |

This matter having come before the Court on STIPULATION FOR ENTRY OF

JUDGMENT WITH COVENANT NOT TO EXECUTE signed by the above named parties, and

filed herein; and for good cause shown:

**EXHIBIT "A"**

IT IS HEREBY ORDERED THAT the above named action is dismissed as to the Defendant, Heather Lynn Molesworth, with prejudice, with the parties to bear their own attorneys' fees and costs.  Said dismissal is only as to the Defendant, Heather Lynn Molesworth.

//end of text//

Submitted by Jim Spinner
Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of: )<br>)<br>DEREK DON MOLESWORTH and HEATHER )<br>LYNN MOLESWORTH, husband and wife, )<br>fdba DM INVESCO LLC, fdba DM )<br>ENTERPRISES, INC., fdba RD )<br>INVESTMENTS, L.L.C., fdba BIG DADDY'S )<br>BIKES & FINE LEATHERS, INC., fdba FALLS )<br>AVE FITNESS UNLIMITED, INC., )<br>)<br>       Debtors. )<br>_____ )<br>)<br>RANDY J. STOKER, individually, and through )<br>the Randy J. Stoker Chartered Profit Sharing )<br>Plan, DON DAVID GIBBS ESTATE, by and )<br>through Randy J. Stoker, Conservator, )<br>GREGORY ROBERTSON TRUST, by and )<br>through Randy J. Stoker, Trustee, and RD )<br>INVESTMENTS, L.L.C., (dissolved), through )<br>Randy J. Stoker, member, )<br>)<br>       Plaintiffs, )<br>vs. )<br>)<br>DEREK DON MOLESWORTH, and )<br>HEATHER LYNN MOLESWORTH, husband )<br>and wife, )<br>       Defendants. )<br>_____ ) | Case No. 07-40315-JDP<br>Chapter 7<br><br>**JUDGMENT ON NON-DISCHARGEABLE DEBT–DEREK DON MOLESWORTH**<br><br>Adversary No. 07-8083 |

      This matter having come before the Court on STIPULATION FOR ENTRY OF JUDGMENT WITH COVENANT NOT TO EXECUTE signed by the above named parties, and filed herein; and pursuant to said stipulation and for good cause shown:

      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above named Plaintiffs are awarded a non-dischargeable money judgment against the

**EXHIBIT "B"**

Defendant, Derek Don Molesworth, pursuant to 11 U.S.C. § 523, in the combined total amount of $160,000.00, together with interest thereon at the rate of 3% per annum. The provisions of the Stipulation for Entry of Judgment with Covenant Not to Execute between the parties, filed herewith, including a default rate of interest, are incorporated in this judgment as though fully set forth herein.

//end of text//

Submitted by Jim Spinner
Attorneys for R. Sam Hopkins, Trustee